IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CYNTHIA DIANE CORNELSEN,
KALE BLACKMON, MATTHEW W HORN,
SHERROD L MAXWELL, III, and
ELIZARIO L ROMERO,

  Plaintiffs,

v.              Civ. No. 1:21-cv-01214 MIS/JFR

LOS PIÑONES EVERGREEN SPE, LLC,
VIRTU INVESTMENTS, LLC, and
VIRTU LOS PIÑONES ASSOCIATES, LP,

  Defendants.

## ORDER OF REMAND

  THIS MATTER comes before the Court on review of Defendants' Response to the Magistrate Judge's Order to Show Cause. ECF Nos. 6, 7. Defendants were directed to amend their Notice of Removal to properly allege diversity of citizenship. ECF No. 6. Defendants concede that no diversity of citizenship exists in this case. ECF No. 7. Accordingly, the action must be remanded to state court.

  In their Notice of Removal, Defendants alleged federal subject-matter jurisdiction based on diversity. ECF No. 1. The federal diversity statute, 28 U.S.C. § 1332, confers original jurisdiction on the federal district courts where the amount in controversy exceeds $75,000 and no plaintiff is a citizen of the same state as any defendant. *Id*.; *Grynberg v. Kinder Morgan Energy, LP*, 805 F.3d 901, 904 (2015). For purposes of diversity jurisdiction, "a person is a citizen of a state if the person is domiciled in that state." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). An unincorporated association, such as a limited liability corporation ("LLC"), "takes the citizenship of all its

members." *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015); *ConAgra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175, 1180 (10th Cir. 2015). The same is true for limited partnerships. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990).

> In their show cause Response, Defendants state:
>
> Defendant Los Pinones Evergreen SPE, LLC, a Delaware limited liability company, has only one member, non-party Virtu Evergreen Holding, LLC, a Delaware limited liability company. Virtu Evergreen Holding, LLC itself has only one member, non-party Virtu Evergreen Fund, LP, a Delaware limited partnership.
>
> One of Virtu Evergreen Fund, LP's limited partners is a domiciled resident of the State of New Mexico.

ECF No. 7 at 1–2. Because Defendant Los Piñones Evergreen SPE, LLC, is a citizen of the State of New Mexico, complete diversity of citizenship does not exist. *See* ECF No. 1-1 at ¶¶ 1–5 (alleging that all Plaintiffs are residents of the State of New Mexico). This Court therefore lacks jurisdiction to decide Plaintiffs' claims and must remand the case to state court. *See Cunningham v. BHP Petroleum Gr. Brit. PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

**IT IS THEREFORE ORDERED** that all claims in this action are **REMANDED** to the First Judicial District Court, County of Santa Fe, State of New Mexico. The Clerk of Court is **DIRECTED** to take the necessary actions to remand the case.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE