IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CYNTHIA DIANE CORNELSEN,
KALE BLACKMON, MATTHEW W HORN,
SHERROD L MAXWELL, III, and
ELIZARIO L ROMERO,

    Plaintiffs,

v.                                                              Civ. No. 1:21-cv-01214 MIS/JFR

LOS PIÑONES EVERGREEN SPE, LLC,
VIRTU INVESTMENTS, LLC, and
VIRTU LOS PIÑONES ASSOCIATES, LP,

    Defendants.

## ORDER DENYING MOTION FOR ATTORNEY FEES

THIS MATTER is before the Court on Plaintiffs' Opposed Motion for Attorney Fees (ECF No. 10), following remand of the case to the First Judicial District Court of the State of New Mexico. For the reasons that follow, the Motion is denied.

Defendants removed this action to federal court on December 22, 2021, alleging subject-matter jurisdiction based on diversity of citizenship. ECF No. 1. On December 27, 2021, Magistrate Judge Robbenhar issued an Order to Show Cause, finding that the jurisdiction of the Defendant limited liability companies ("LLCs") had not been properly alleged and directing Defendants to amend the Notice of Removal. ECF No. 6. Defendants timely responded on January 10, 2022, acknowledging the absence of complete diversity and conceding that the case should be remanded. ECF No. 7. This Court issued an Order of Remand on January 13, 2022. ECF No. 9.

Pursuant to the applicable federal statute, "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred

1

as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Garrett v. Cook*, 652 F.3d 1249, 1254 (10th Cir. 2011) (quotation omitted).

Here, Plaintiffs seek an award of attorney fees for their "considerable time to research and draft a Motion to Remand, which is now moot." ECF No. 10 at 3. Plaintiffs' counsel attached to their Motion an invoice for 24.5 hours of work at an hourly rate of $175.00, totaling $4,287.50 plus gross receipts tax. ECF No. 10-1.

Although Defendants erred in alleging the citizenship of the party LLCs and therefore lacked an objectively reasonable basis for seeking removal, the Court finds, in its discretion, that an award of attorney fees is unwarranted. First, although Defendants erred legally in removing the action, their error was not egregious, and the prejudice to Plaintiffs was minimal. Defendants promptly responded to the Magistrate Judge's Order to Show Cause and the case was remanded less than 30 days after it was removed. Plaintiffs filed no motions or other documents during this time.

Second, the number of hours claimed by Plaintiffs' counsel is disproportionate to the needs of the case. The defect in the Notice of Removal was simple in nature and clearly explained by the Magistrate Judge.[1] *See* ECF No 6. Plaintiffs have not suggested that remand was appropriate on any alternate basis, and it is difficult to imagine that 24.5

---

[1] As Defendants note, the Magistrate Judge issued his Order to Show Cause on December 27, 2021. ECF No. 6. The Order to Show Cause identified the defect in Defendants' jurisdictional allegations and instructed that the case would be dismissed if Defendants failed to allege complete diversity. The twenty hours claimed by Plaintiffs on and after that date appear, therefore, to have been particularly unnecessary.

hours were properly expended on researching how the citizenship of LLCs should be alleged. In light of the non-complex legal issues at stake and the Magistrate Judge's promptly-filed Order to Show Cause, the Court finds that the number of hours claimed is unreasonable. *See*, *e.g.*, *Malloy v. Monahan*, 73 F.3d 1012, 1017–18 (10th Cir. 1996) ("The initial step in calculating a reasonable fee is determining a reasonable number of hours spent on the litigation."). The Court therefore finds, in its discretion, that no fees should be awarded.

    Plaintiffs' Opposed Motion for Attorney Fees (ECF No. 10) is **DENIED**.

*/s/ Margaret Strickland*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE